The Vice-Chancellor.
It is contended in opposition to the petition, that the sale to Bartlett and Ely was limited to G. Janeway’s title and interest in the premises, exclusive of and subject to the inchoate right of dower of the wife, respecting which no contract was made. And if this were otherwise, the proceedings and decree in partition, are relied upon as an effectual bar to his asserting any lien or claim for the unpaid purchase money, because that decree assumes to settle and ascertain all the rights of the parties then existing, and it is silent upon the subject of the equitable lien now claimed by the petitioner.
Assuming that these positions are correct, what is the result? At the time of the partition, Mrs. Margaret W. Janeway had an inchoate right of dower in all that portion of the lands held in common which belonged to Bartlett and Ely, subject to the mortgage to The New York Fire Insurance Company. It ap *398 pears by the master’s report, that Bartlett and Ely’s portion of the premises produced $4700 44, after paying the mortgage and all other charges.
The decree directed the master to ascertain the value of her contingent right of dower in the respective shares of Bartlett and Ely, and to deduct such amount from those shares and pay it to the clerk of the court, The master accordingly ascertained such value, reported it to be $560 in both shares, and paid that amount to the clerk, out of the proceeds arising from those shares.
The simple statement of the facts, shows that this sum belonged, not to Bartlett and Ely’s assignee, but to Mrs. Janeway. It was her money, as much as the $2070 22 which Bartlett received, was his property. If the decree had directed the master to bring into court one third of the proceeds of Bartlett and Ely’s shares, to be invested and the interest paid to them or their assigns, while George Janeway lived, and after his death to Mrs. Janeway, in case she survived him, or if she died first, then the capital to be paid to Bartlett and Ely; the matter would have been very different. But this course would have locked up nearly twelve thousand dollars for an indefinite period, and would have left the New York Insurance Company mortgage unpaid in part, during the same period. To avoid the great inconvenience which would thus ensue, the parlies availed themselves of the provisions of the act of April 28, 1840, (Laws of 1840, ch. 177, p. 128 ;) and framed the decree so as to ascertain at once and definitely, the whole value of her dower interest.
The value so ascertained, was not what she would be entitled to at her husband’s death, or upon any future event or contin? gency. It was the value of her interest at the date of the report; its present worth, according to the principles of law applicable to annuities and survivorships. If she had released it to her husband, it would have been the duty of the master under the statute, to have paid over to him the whole $560. As she did not release it, it was his duty to bring it into court. At any time during her life, the court, on her petition, would have ordered it to be paid to her husband, or to a trustee for her separate *399 use. In short, it was her own property, absolutely and without condition or contingency.
It is true, the decree does quite unaccountably direct the income of this fund during G. Janeway’s life, to be paid to Bartlett and Ely’s assignee, or for their benefit. But that does not alter the plain and obvious nature of Mrs, Janeway’s right. The income unquestionably belonged to her.
Therefore, conceding to Mr. Bartlett and the general assignee, all that they claimed in respect of the original sale, and the force of the decree as a bar to the lien set up in the petition ; neither of them have a particle of interest in the fund in question.
There having been a statutory conversion of Mrs. Janeway’s contingent dower right, I think the sum deposited with the clerk must be deemed personal property. As such, it belongs to her husband, jure mariti, and her death having terminated her equity to have it applied for her separate use, he is entitled to receive it from the clerk.
The prayer of the petition is granted.